## THE HELEN.

## THE KATHLEEN.

(Circuit Court of Appeals, Third Circuit.   January 27, 1916.)

### No. 2056.

COLLISION ☞66—TUG WITH TOWS AND OVERTAKING SCHOONER—NEGLIGENCE OF TUG.

A decree holding a towing tug solely in fault for a collision between one of the barges in her tow and an overtaking schooner, on the ground of negligence and the unlawful lengthening of her towing lines, *held* sustained by the evidence.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 84; Dec. Dig. ☞66.]

Appeal from the District Court of the United States for the District of New Jersey; Joseph Cross, Judge.

Suit in admiralty for collision by Charles C. Sparks, as master of the barge Kathleen, against the tug Helen.   Decree for libelant, and claimant appeals.   Affirmed.

For opinion below, see 204 Fed. 653.

Howard M. Long, of Philadelphia, Pa., for appellant.
Willard M. Harris, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.   In the court below Sparks, master of the barge Kathleen, filed a libel against the steam tug Helen for damages caused to the barge, as alleged, by the negligence of the Helen while towing the Kathleen.   On final hearing Judge Cross, in an opinion reported at 204 Fed. 653, sustained the libel, held the Helen in fault and referred the cause to a commissioner to report damages. After hearing the commissioner reported, and both sides filed exceptions.   Their exceptions were heard by Judge Rellstab, who dismissed the same, and thereupon a decree was entered against the Helen in the sum of $1,376.30.   From such decree this appeal was taken.

The 41 assignments of alleged error narrow to the Helen's responsibility for the collision and some inconsiderable items in the damages assessed.   No questions of law are involved.   The case turns on questions of fact.   As fully set forth in Judge Cross' opinion, the Kathleen, in tow of the Helen, was struck by the schooner Mary E. Morse in Hampton Roads.   Subsequently the Kathleen filed a libel against the Morse schooner in the District Court at Boston.   On final hearing in the latter case, Judge Dodge, in an opinion reported at 179 Fed. 945, held the schooner was not in fault and the libel was dismissed. The Helen was not a party to that case.   Thereupon the barge filed this libel against the Helen in the district of New Jersey.   We thus have in this case the benefit of the very full discussion of the facts by Judge Dodge in the case against the Morse and of Judge Cross

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the case against the Helen. The conclusion of both was that the Helen was responsible for the collision.

A full and patient hearing of this appeal, followed by an examination of the briefs of counsel and the proofs, have satisfied us that the conclusion reached by these trial judges was right, and their independent findings in different cases and tribunals commend themselves to us. The proofs in reference to the collision are so fully stated and discussed in Judge Cross' opinion that in view thereof, and of the light thrown on the general facts by Judge Dodge's opinion, a further statement by this court is needless. It suffices to say on the fundamental question we find no error in the decree of the court below adjudging the Helen in fault. As to the damages the commissioner took full proofs, and his findings are supported by Judge Rellstab. As we have said, nothing but questions of fact are involved in those findings; they have been approved by the court below, and we find no error in them. The time that elapsed between the collision and the proofs in the present case has no doubt made it more difficult for both parties to make as clear showings as they could have done earlier, but such delay as there has been is not chargeable to the barge, a fact that is made clear in Judge Cross' opinion.

After full consideration, the decree below is affirmed.